Filed 2/29/16  P. v. Zambrano CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ELADIO ZAMBRANO,<br><br>    Defendant and Appellant. | F070028<br><br>(Fresno Super. Ct. Nos. F12908337,<br>F13908744 & M14911971)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

### INTRODUCTION

Appellant/defendant Eladio Zambrano pleaded no contest to possession of methamphetamine for sale and was sentenced to a stipulated term of two years, split between 18 months in jail and six months on mandatory supervised release.  On appeal,

---

* Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

**FACTUAL AND PROCEDURAL HISTORY**

<u>Case No. F12908337</u>

On January 19, 2011, an officer observed a car commit several traffic violations and tried to perform a traffic stop. Defendant, the driver of the car, refused to stop and attempted to evade the officer. After a short car chase, defendant got out of the car and tried to run away. He was apprehended and found in possession of methamphetamine. He also had a screwdriver with a very sharp point that could have been used as a stabbing weapon.

On May 18, 2011, defendant pleaded guilty to carrying a dirk or a dagger (Pen. Code, § 12020, subd. (a)).

On June 15, 2011, defendant was sentenced to one year and four months, and placed on Post Release Community Supervision (PRCS).

On June 15, 2012, defendant was remanded to jail for 10 days after failing to appear for his counseling program.

On May 14, 2013, defendant admitted violating his PRCS status and was sentenced to 60 days in jail. On June 9, 2013, defendant was released from jail. On July 1, 2013, defendant tested positive for methamphetamine.

On August 23, 2013, the probation department learned defendant was dropped from counseling for failing to attend.

2.

**Case No. F13908744[1]**

Around 11:00 p.m. on August 24, 2013, officers with the Multi-Agency Gang Enforcement Consortium (MAGEC) went to the home of defendant's mother to arrest him for violating the terms of his PRCS status.

Defendant's mother said he was not in the house. The officers heard music from the garage and noticed a light under the main door. Defendant's mother said that defendant must be in the garage because he had the only key, and he was the only person who went in there.

The officers pounded on the garage's side door, called defendant's name, and told him to come out. The music stopped. The officers saw a video surveillance camera above the main garage door. The officers used entry tools and pried open the side door; they found defendant inside the garage.

Officer Lucero searched the garage and found narcotics and paraphernalia. There was a pouch which contained seven small baggies with white rocks, believed to be crystal methamphetamine. Each baggie was numbered, possibly reflecting the amount and value of the drugs inside. A bindle with a large rock, consistent with crystal methamphetamine, was inside a white glove. There were empty plastic bags, similar to the packaging material used for the white rocks. An unlabeled brown prescription bottle contained Percocet and Vicodin pills. A mirror was also found, along with a glass pipe with white residue, consistent with being used to smoke methamphetamine.

Officer Lucero testified the amount of methamphetamine found in the garage was greater than one individual could personally use. The amounts and packaging materials were consistent with being possessed for purposes of sale.

---

[1] We grant defendant's request to take judicial notice of the preliminary hearing held on April 7, 2014, for case Nos. F13908744, F13912031, and F12908337. The following facts about defendant's arrest are taken from the preliminary hearing and probation report.

**Procedural History**

On September 13, 2013, a petition filed was filed to revoke defendant's PRCS status in case No. F12908337, based on his prior PRCS violations and his arrest for possession of methamphetamine for sale. On the same day, the court preliminarily revoked defendant's PRCS status.

On September 16, 2013, a complaint was filed in case No. F13908744, charging defendant with possession of methamphetamine for sale (Health & Saf. Code, § 11378), with a prior narcotics-related conviction (Health & Saf. Code, § 11370.2), and two prior prison term enhancements (Pen. Code, § 667.5, subd. (b)).

In September and November 2013, and January 2014, defendant failed to appear and bench warrants were issued for his arrest.

On January 24, 2014, defendant appeared in court after being taken into custody. The court declared a doubt as to his mental competency, appointed an expert to examine him, and suspended criminal proceedings pursuant to Penal Code section 1368.

On March 21, 2014, the court reviewed the expert's report, found defendant was competent, and reinstated criminal proceedings.

On April 7, 2014, the court conducted the preliminary hearing and held defendant to answer.

On April 17, 2014, the information was filed in case No. F13908744, which alleged the same charges as the complaint. Defendant pleaded not guilty.

**Plea Proceedings**

On June 9, 2014, defendant entered into a negotiated disposition, and the parties stipulated to the preliminary hearing transcript as the factual basis. In case No. F13908744, he pleaded no contest to possession of methamphetamine for sale and admitted the two prior prison term enhancements, for a stipulated two-year term and that the court would consider a "split" term. The court dismissed the enhancement for the

prior narcotics-related conviction. The court found defendant had violated his PRCS status.

Defendant also pleaded no contest to a misdemeanor charge of resisting arrest (Pen. Code, § 148, subd. (a)(1); case No. M14911971), and the court dismissed an unrelated felony case (case No. F13912031).

**Sentencing Hearing**

On July 8, 2014, the court denied probation in case No. F13908744, and sentenced defendant to the stipulated midterm of two years for possession of methamphetamine for sale. The court "split" the term and ordered defendant to serve 18 months in jail and six months on mandatory supervised release, with credit for time served.

In case No. F12908337, the court reinstated defendant on PRCS subject to the same terms and conditions. The court explained to defendant that he was going to be on two separate types of supervision, and defendant said he understood.

As to the misdemeanor conviction, the court denied probation and gave defendant credit for time served.

On September 8, 2014, defendant filed a timely notice of appeal in case Nos. F12908337, F13908744, and M14911971. He requested a certificate of probable cause, asserting ineffective assistance and that he was forced into accepting the plea. His request was denied.

**DISCUSSION**

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on March 11, 2015, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

5.

## **DISPOSITION**

Defendant's request for judicial notice of the April 7, 2014, preliminary hearing transcript is granted.

The judgment is affirmed.